IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLAS SANCHEZ-GARCIA, ) | | |
| ID # 32518-177, ) | | |
| Movant, ) | No. 3:04-CR-014-G (01) | |
| vs. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference dated November 20, 2017, before the Court is the defendant's *Motion to Revoke the Illegal Sentence*, received on November 15, 2017. (*See* doc. 91.) Based on the relevant findings and applicable law, the motion should be construed as a successive habeas motion under 28 U.S.C. § 2255, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Nicolas Sanchez-Garcia ("Movant") was found guilty of illegal reentry. (*See* doc. 40.) He was sentenced to 100 months in prison with two years of supervised release. (*See* doc. 45.) His sentence was vacated, *see United States v. Sanchez-Garcia*, 166 F. App'x 133 (5th Cir. 2006), and he was subsequently sentenced again to 100 months in prison with two years of supervised release. (*See* doc. 62.) After his second direct appeal was denied, *see United States v. Sanchez-Garcia*, 216 F. App'x 424 (5th Cir. 2007), *cert. denied*, 551 U.S. 1125 (2007), he filed a motion under 28 U.S.C. § 2255 challenging his conviction. (*See* 3:16-CV-638-G, docs. 1 & 5.) That motion was dismissed as time-barred on May 17, 2017. (*See* 3:16-CV-638-G, doc. 20.)

Movant now argues that he is an agent of the F.B.I. and C.I.A. and a lawful permanent resident immune from prosecution from illegal reentry, the Assistant United States Attorney who

prosecuted him is guilty of treason, and he is not subject to this Court's jurisdiction. (*See* doc. 91 at 1-2, 6.) He seeks his immediate release from prison. (*See* doc. 91.)

## II. NATURE OF SUIT

The primary means of collaterally attacking a federal conviction or sentence is under 28 U.S.C. § 2255. *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). "Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Because Movant challenges his federal conviction and sentence and seeks release from custody, his motion is properly construed as a motion to vacate under 28 U.S.C. § 2255.

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United*

*States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Here, Movant challenges the same criminal judgment as in his prior § 2255 motion, which was dismissed as time-barred. Because he now raises claims that he could have raised in his earlier motion, this motion is successive within the meaning of § 2255.

When a motion to vacate is successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider Movant's successive § 2255 motion, this Court lacks jurisdiction over it. A district court may dismiss such

3

a motion. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Fulton*, 780 F.3d at 686. Movant's motion should be transferred to the Fifth Circuit.

## IV. RECOMMENDATION

Movant's *Motion to Revoke the Illegal Sentence* should be **CONSTRUED** as a successive motion filed under 28 U.S.C. § 2255 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Fulton*, 780 F.3d at 686. The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this case; (2) open a new habeas case for administrative purposes only; (3) file the post-judgment motion in that new case as a § 2255 motion filed November 15, 2017; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 21st day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                          _____
                                                                                                          IRMA CARRILLO RAMIREZ
                                                                                                          UNITED STATES MAGISTRATE JUDGE